# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2174 | **DATE** | 8/11/2010 |
| **CASE TITLE** | Bank of America vs. Stembridge | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss complaint (4) is granted. Accordingly, the complaint is dismissed without prejudice and with leave to amend complaint within 30 days. After that time, dismissal will be with prejudice.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

     Before me is defendant's motion to dismiss the complaint for failure to plead diversity jurisdiction or to abstain under the *Colorado River* abstention doctrine. The Seventh Circuit has held that a national bank is potentially a citizen of two states: first, the state in which it has its principal place of business, and second, the state listed on the bank's organization certificate. *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 944 (7th Cir. 2001). In *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 n. 9 (2006), the Court acknowledged the *Firstar* holding and agreed that national banks may be citizens of up to two states, including the state of its "main office" and the state of its "principal place of business." Although like the Seventh Circuit, the Supreme Court acknowledged that in nearly every case, the bank's main office and principal place of business will be in the same state, the Seventh Circuit's rule––which I understand to be undisturbed by *Wachovia*--requires that both locations be pled.

     In its response to defendant's motion, Bank of America simply ignores Stembridge's jurisdictional argument and focuses entirely on the abstention issue. If indeed Bank of America's organization certificate lists a state other than Illinois as home to its main office, its pleading defect can be easily cured. However, I see no reason to embark upon the nuanced analysis of *Colorado River* and its progeny until I am satisfied that I may properly exercise jurisdiction in this case. The complaint is therefore dismissed without prejudice. If Bank of America adequately pleads diversity jurisdiction, defendant may reinstate its motion to abstain without the need for further briefing.