# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2174 | **DATE** | August 14, 2012 |
| **CASE TITLE** | Bank of America, N.A. vs. Stembridge | | |

**DOCKET ENTRY TEXT**

For the reasons provided in the Statement Section of this Order, "Plaintiff's Motion for Summary Judgment" (Dkt. No. 38) is granted.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On May 31, 2012, Plaintiff Bank of America filed its motion for summary judgment in this case alleging the breach of a personal guaranty. Defendant Harold Stembridge was ordered to respond by June 21, 2012. No response has been filed, so I will rule without the benefit of a response. For the reasons stated, the motion is granted.

I.

Bank of America sets forth the following facts in support of its motion. On Feb. 19, 2003, Bank of America made a loan to Stembridge Builders, Inc., in the amount of $5,000,000. The loan was renewed on July 1, 2006, in the amount of $937,500. That promissory note was then amended by a Note Modification Agreement dated March 1, 2009. The loan was personally guaranteed by Stembridge. It matured on July 1, 2009, and became immediately due and payable. The loan was secured by a mortgage covering a single-family residence in Naperville.

On Feb. 8, 2010, Bank of America filed a complaint to foreclose the mortgage in the Twelfth Judicial Circuit, Will County, in Case No. 10 CH 774. On Feb. 24, 2011, a judgment of foreclosure and sale was entered in that case. On June 15, 2011, the residence was sold at public auction for $693,500. On Sept. 15, 2011, Hon. Richard J. Siegel entered an order confirming the sheriff's report of sale and distribution and finding that Bank of America was entitled to a deficiency judgment against Stembridge Builders in the amount of $351,592.64.

II.

Summary judgment is appropriate where the record shows that there is no genuine dispute as to an issue of material fact. Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the suit under the governing law, and a dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The failure to respond to a summary judgment motion does not entitle the moving party to relief; rather, the movant should only receive summary judgment if the supporting materials show that the movant is

10C2174 Bank of America, N.A. vs. Stembridge

Page 1 of 2

| STATEMENT |
|---|

entitled to it. *Johnson v. Gudmundsson,* 35 F.3d 1104, 1112 (7th Cir. 1994); *see* Fed. R. Civ. P. 56(e). However, by not responding to the motion, Stembridge has admitted to the material facts as Bank of America has presented them. *Johnson*, 35 F.3d at 1112.

### III.

Having reviewed Bank of America's motion and the supporting materials, I find that summary judgment is appropriate in this case. It is well-settled in Illinois that upon default, a lender may choose whether to proceed on the note or guaranty or to foreclose upon the mortgage. *LP XXVI, LLC v. Goldstein*, 811 N.E.2d 286, 289–90 (Ill. App. Ct. 2004). In his answer, Stembridge does not deny that he personally guaranteed the loan. (Dkt. No. 26, ¶ 7.) The loan agreement expressly provides, in § 10.4, that all of the bank's remedies are cumulative. The guaranty, signed by Stembridge, also provides that the bank is not required to exhaust its remedies against the mortgaged property before enforcing the guaranty. The bank had the right to foreclose the mortgage, and enforce the guaranty, in the order of its choosing. The bank has obtained a deficiency judgment in the amount of $351,592.64, which establishes the amount owed under the guaranty.

### IV.

For these reasons, Plaintiff's Motion for Summary Judgment (Dkt. No. 38) is granted.